# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0756
Lower Tribunal No. F18-10386A
_____

**Tavon Graham,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before LINDSEY, LOBREE, and GOODEN, JJ.

LINDSEY, J.

Appellant, Tavon Graham, Defendant below, timely appeals his judgment and sentence and the trial court's denial of his motion for new trial. Graham argues the trial court reversibly erred by not proceeding with the read-backs of requested witness testimony in full and by misleading the jury in directing them to narrow down their read-back requests. On the contrary, the trial court appropriately informed the jury that a read-back is permitted and asked the jury to specify what portions of the testimony it would like to hear. That instruction is not abuse of discretion. Accordingly, we affirm.[1]

## I.    BACKGROUND

### a. Trial Court Proceedings

In June of 2018, Graham was indicted for first-degree murder of Laurence Webb and attempted first-degree murder of Vincent Green.

---

[1] Note, Graham requests that if we affirm, to certify the question to the Florida Supreme Court whether trial courts should have discretion to defer read-backs. However, other than a one-off sentence in his initial and reply briefs requesting the certified question, Graham does not articulate exactly how this question is of great importance or any decision that would be in conflict with an affirmance. Cf. Fla. R. App. P. 9.330(a)(2)(C) ("A motion for certification shall set forth the case(s) that expressly and directly conflicts with the order or decision or set forth the issue or question to be certified as one of great public importance."). In any case, in 2007, the Florida Supreme Court authorized the publication and use of Standard Criminal Jury Instruction 4.4 — the same instruction used here — which provided a framework for acknowledging and either granting, deferring, or denying a jury's request for a readback of testimony. In re Amends. to Fla. Rules of Civil Proc., 967 So. 2d 178, 183 (Fla. 2007). Accordingly, we deny this request.

During deliberations, the jury requested copies of transcripts from three witnesses:

- "May we please *see the transcript* of Vincent Green's testimony, direct and cross?" (emphasis added);

- "May we please *see the transcript* of Detective Moradiello, direct and cross?" (emphasis added); and

- "May we please *see a transcript* of Sean Fleming's testimony, direct and cross?" (emphasis added).

Counsel for Graham and the State both agreed that the jury should have the requested testimony played back. Because transcripts were not available,[2] the trial court provided the members of the jury with instruction 4.4:

> Members of the jury, you have asked that transcripts of testimony be provided to you. The transcripts are not available; however, you may request to have testimony played back to you. This request may be granted at the Court's discretion, and I'll direct you to return to the jury room and discuss your request further. If you are not able to resolve your question about requested testimony by relying on your collective memory, then you may request to have the testimony played back to you. *If you decide to make such a request, it should be as specific as possible*.

---

[2] "[I]f a trial court receives a general request for transcripts, then it must inform the jury that it cannot provide them with transcripts." Castellon-Lopez v. State, 230 So. 3d 518, 519 (Fla. 3d DCA 2017).

(emphasis added).

Graham objected, arguing the jury request was already specific in that they wanted all the testimony of the named witnesses and that the court should "exclude the lines to make the request as specific as possible[.]" Over continued objection, the trial court nonetheless attached the instruction to each jury request. There were no further jury requests for readbacks of the requested testimony. The jury ultimately found Graham guilty of first-degree murder and attempted first-degree murder.

### b. Current Appeal

The judgment and sentence were entered on August 8, 2023. On August 17, 2023, Graham filed a motion for new trial. On April 26, 2024, the trial court denied the motion. That same day, this timely appeal followed.[3]

On appeal, Graham raises two issues. First, Graham contends that it was error for the trial court to not proceed to the read-backs of the requested testimony in full and that the trial court mislead the jury by directing the jury to narrow down their already-specific requests. Second, according to Graham, that deferral of the read-back was fundamental error.

---

[3] The motion for new trial tolled rendition pursuant to Florida Rule of Appellate Procedure 9.020(h)(1)(A). Thus, we have jurisdiction to review this properly preserved ruling pursuant to Florida Rules of Appellate Procedure 9.140(a), (b)(1)(A), (i). See also Fla. R. App. P. 9.110(h) ("**Scope of Review**. . . . the court may review any ruling or matter occurring before filing of the notice.").

4

## II.   ANALYSIS

"[W]e apply an abuse of discretion standard to a trial court's decision to grant a jury's read-back request." Mendez v. State, 252 So. 3d 368, 369 (Fla. 3d DCA 2018).  The Florida Supreme Court adopted two rules guiding a trial court's instructions in response to a jury's request for read-backs: "(1) a trial court should not use any language that would mislead a jury into believing read-backs are prohibited, and (2) when a jury requests trial transcripts, the trial judge should deny the request, but inform the jury of the possibility of a read-back." Hazuri v. State, 91 So. 3d 836, 846 (Fla. 2012).

Based on Hazuri, this court, in Castellon-Lopez v. State, 230 So. 3d 518, 519 (Fla. 3d DCA 2017), affirmed the trial court's instruction in response to a jury request for transcripts of witness testimony.  Castellon-Lopez is on all fours.  230 So. 3d at 519.

Like in Castellon-Lopez, the jury requested full copies of transcripts of specified witnesses. Id. And like Castellon-Lopez, here, "[r]ather than misleading the jury into believing that read-backs are prohibited, the trial court specifically informed the jury that a read-back is permitted, and *asked the jury to specify what portions of the testimony it would like to hear*." Id. at 520 (emphasis added).[4]

---

[4] Here, the trial court's instruction provided "[i]f you are not able to resolve your question about requested testimony by relying on your collective

Thus, contrary to Graham's argument, asking the jury to specify what portions of the testimony it would like to hear—even when the jury has already identified the witnesses by name in the transcript request—does not discourage a read-back and is not an abuse of discretion.  See id. ("[W]e find that the trial court did not abuse its discretion.").  Rather, the trial court's instruction comports with our guidance to "inform the jury that it cannot provide them with transcripts, explain that the court may provide the jury with read-backs of trial testimony, **and instruct the jury to specify which portions of the testimony it wishes to review**."  Id. at 519 (citing Hazuri v. State, 91 So. 3d at 846); see also Simmons v. State, 334 So. 2d 265, 266–

---

memory, then you may request to have the testimony played back to you.  **If you decide to make such a request, it should be as specific as possible**."  Similarly, the Castellon-Lopez instruction provided:

> Members the jury of [sic] we have received your note requesting the testimony of the victim and of the defendant. Please understand at this time there are no transcripts of the testimony of the trial [sic] had been prepared and would be extremely burdensome and impractical to watch the court reporter to read a witness's entire testimony from the reporter's stenographic notes. **If you can identify a very specific portions of the testimony that you wish to have read to you I can ask the court reporter to attempt to do tha**t. Other than as to such very specific portions, however, I ask that you rely on your recollection.

230 So. 3d at 519 (emphasis added).

6

67 (Fla. 3d DCA 1976) (noting that a read-back taking seven hours was impractical). Consequently, the instruction was not error.[5]

Accordingly, we affirm the judgment and sentence and affirm the trial court's denial of Graham's motion for new trial.

Affirmed.

---

[5] Because the trial court did not abuse its discretion, there can be no fundamental error.